HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CATHERINE CLANTON,

        Plaintiff,

v.

WYNDHAM DESTINATION, INC.; WYNDHAM VACATION OWNERSHIP, INC.; WYNDHAM RESORT DEVELOPMENT CORPORATION; JOHN DOE business entities I-V, jointly and severally,

        Defendants.

CASE NO. 3:19-cv-05685-RBL

ORDER

## I. INTRODUCTION

THIS MATTER is before the Court on Defendants Wyndham Destination, Inc., Wyndham Vacation Ownership, Inc., and Wyndham Resort Development Corporation's Motion to Dismiss on the grounds of *forum non conveniens*. Dkt # 12. This case arises from Plaintiff Catherine Clanton's slip and fall while on vacation at a Wyndham Resort in Mexico.

Clanton attended a Wyndham time share presentation in Washington and she joined the program in 2008. She made an on-line reservation to stay one of Wyndham's properties,

WorldMark La Paloma Resort in Rosarito, Mexico, and traveled to Mexico to stay at the Resort in September 2017.

Clanton slipped and fell down a set of wet stairs. Her friend and travelling companion, Pam Gilbert, witnessed the fall and took pictures of the scene. There was a "wet floor" sign, but it was not readily visible. After the fall, Clanton returned to her room and reported the incident to the front desk. The next day, the Resort staff took her to a private hospital near the Resort to briefly meet with a doctor about her injuries.

Clanton traveled back to the United States the next day. She stopped at a California hospital and then returned to Washington. Since then, she has received treatment from fourteen different doctors here. In July 2019 Clanton sued Wyndham in this Court for negligence under the laws of both Washington and Baja California, Mexico.

Wyndham seeks dismissal on *forum non conveniens*, arguing "the convenience of the parties and the ends of justice would be better served if the action were brought and tried in Mexico." As a threshold issue, it first argues that Mexico is an adequate alternative forum because it provides Clanton a remedy against the Resort and its employees. Wyndham also contends that a valid forum selection clause exists, meaning that the parties' agreed that Mexico is an adequate forum.[1] It then argues that litigating in this forum is unreasonable because the accident occurred in Mexico and most of the physical evidence and witnesses are in Mexico, making litigating here costly. Wyndham also argues that Mexico has the greater interest in this case because the Resort conducts business exclusively in Mexico.

---

[1] Wyndham argues that Clanton signed a check-in form that included a forum selection clause requiring all disputes to be heard in Mexico. But the form it provides [Dkt # 12–1, ex. A] is not signed, and Clanton claims she did not sign it and is not bound by it. Accordingly, the Court need not consider the effect that a valid forum selection clause would have on this Motion.

Clanton argues that Wyndham failed to meet its burden of showing that litigating in this forum is so burdensome and oppressive as to outweigh this forum's convenience. Clanton argues that Mexico is not an adequate alternative forum because it provides her no remedy: Wyndham cannot be held liable under Mexican law and any claims against the Resort are time-barred because the accident happened more than two years ago. She argues that this forum is more convenient for all parties because the parties reside or do business in Washington, most of the witnesses and relevant evidence are in Washington, documents not in Washington are readily accessible through electronic transmission, and the costs associated with litigating in Mexico are much greater. Clanton also argues that Washington has a greater connection to this case because it has a significant interest in protecting Clanton, a Washington resident, and in regulating the conduct of Wyndham because it does business in Washington.

## II. DISCUSSION

To prevail on a *forum non conveniens* motion to dismiss, "a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). The doctrine of *forum non conveniens* allows a court to dismiss a case outright when a foreign or state forum would be substantially more convenient. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). *Forum non conveniens* is an "exceptional tool to be employed sparingly." *Bos. Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002)).

**A. Adequate Alternative Forum**

Wyndham argues that Mexico is adequate even though Clanton will not be able to recover from it there. Clanton argues that Mexico is not adequate because Wyndham has not

submitted to the jurisdiction of Mexico, Clanton cannot recover from Wyndham there, and any tort claims against the Resort (not a party here) are time-barred under Mexican law.

"The first requirement for a *forum non conveniens* dismissal is that an adequate alternative forum is available to the plaintiff." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). An alternative forum is adequate if: "(1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1077 (9th Cir. 2015) (citing *Carijano*, 643 F.3d at 1225). Dismissal is not appropriate where "where the remedy provided is so clearly inadequate or unsatisfactory, that it is no remedy at all." *Id.* (quoting *Carijano*, 643 F.3d at 1226). But an alternative forum is not inadequate merely because "the law, or the remedy afforded, is less favorable." *Loya v. Starwood Hotels & Resorts Worldwide, Inc.,* 583 F.3d 656, 666 (9th Cir.2009) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247 (1981)).

Mexico is not an adequate alternative forum in this case. Mexico has been found to be an adequate forum in some cases, specifically because the defendants agreed to "submit to the jurisdiction[] and waive any statute of limitations defenses[,]" the plaintiff could bring a tort-based suit there, and "Mexican courts would afford some remedy." *See, e.g.*, *Loya*, 583 F.3d at 664. Wyndham has not consented to Mexico's jurisdiction and has not shown that it is amenable to service of process there. *See* Dkt # 14 at 8. Wyndham also has not shown how Clanton would be able to obtain any remedy in this case if it were to be litigated in Mexico. Wyndham argues that while Clanton would likely be unable to sue it under Mexican law,[2] Mexico still affords her a remedy because she could sue the Resort and its employees. But this is not an argument that

---

[2] *See* Caraza Decl., Dkt # 16 at ¶ 42 ("Inasmuch the damage was directly inflicted by WorldMark La Paloma Resort through its personnel, it is our opinion that under Mexican law, *only the resort may be found liable and none of the Wyndham corporations that are defendants in this case, and none of those corporations may be found liable* for wrongdoings of the Resort, which is the direct cause of the damages caused to Ms. Clanton.") (emphasis added).

this forum is not convenient enough for Wyndham; it is an argument that Clanton should sue someone else, somewhere else. Wyndham cites no authority for the claim that a different lawsuit in a different forum against a different defendant is enough to meet the adequate alternative forum test.

Clanton argues that any claims brought in Mexico against the Resort or its employees are barred by the two years limitations period for tort claims under Mexican law, because the accident happened in September 2017. *See Cruz v. United States*, 387 F. Supp. 2d 1057, 1079 (N.D. Cal. 2005) ("There is no concept of equitable tolling in Mexican law."). The time bar on any tort claims against the Resort and its employees, in conjunction with Clanton's inability to obtain any relief from Wyndham in Mexico, render the Mexican forum inadequate.

**B. Public and Private Interest Factors**

The second step of the *forum non conveniens* analysis requires analyzing the private and public factors for and against dismissal. "Ordinarily, a plaintiff's choice of forum will not be disturbed unless [these] factors *strongly favor* trial in a foreign country." *Lueck*, 236 F.3d at 1145 (emphasis added). This is especially true when a plaintiff sues in their home forum, which is presumed to be convenient. *Lueck*, 236 F.3d at 1143 (quoting *Piper*, 454 U.S. at 256). The question is "whether defendants have made a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." *Bos. Telecommunications*, 588 F.3d at 1206 (quoting *Dole*, 303 F.3d at 1118).

1. Private Interest Factors

The private interest factors include "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing

witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Lueck*, 236 F.3d at 1145 (internal quotations omitted).

These private interests favor this forum. Both parties are here, the witnesses are here, the evidence is here, and the cost of litigating here is lower. None of these interests favor dismissal; all favor keeping this case here. Clanton resides in Washington and Wyndham is an American company who has offices and registered agents in Washington. Most of Clanton's witnesses reside in Washington—her friend who witnessed the accident, her fourteen doctors who have treated her injuries from the fall, and her liability expert are all here. Indeed, most of the witnesses and documents identified in Wyndham's initial disclosures are also located in Washington.

Wyndham has not shown litigating in Washington to be so "oppressi[ve] and vexatio[us]" as to be "out of proportion to plaintiff's convenience." *See Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000). Litigating this case in Mexico would cause a substantial financial hardship for Clanton, who lives off disability payments and takes care of her mother and mentally-ill daughter in Washington. Additionally, there is no physical evidence to be gathered in Mexico. The accident's sole witnesses, Clanton and Gilbert, reside in Washington. Most if not all the documentary evidence from Clanton's initial treating doctor in Mexico and the Resort are capable of electronic transmission to this forum. And Wyndham appears to have ready access to information about the operations of the resort and access to most of its employees. Any required depositions of the Resort's employees can be conducted in Mexico.

Wyndham has not shown that a Mexican court is able to compel an unwilling witness to testify at trial. The cost of bringing any Mexican witnesses to Washington will be less than the

cost of flying the many Washington witnesses to Mexico for trial. Neither party discusses the enforceability of a Mexican judgment in the U.S., so the Court will consider this factor neutral. Additionally, none of the critical witnesses (besides those employed at the resort) appear to speak Spanish and none of the relevant documents are in Spanish. If this case is brought in Mexico, the documents will have to be translated to Spanish and the costs associated with translating them will be substantial.[3] Consequently, the private factors do not support dismissal.

2. Public Interest Factors

The public interest factors include "(1) local interest of lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum." *Lueck*, 236 F.3d at 1147.

Wyndham failed to demonstrate that Mexico has an interest in this case great enough to favor dismissal. Washington has a strong interest in protecting its residents, enforcing its laws, and deterring future wrongful conduct against its citizens. *See, e.g.*, *Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1128 (W.D. Wash. 2010) (Washington has a "strong interest in protecting its citizens under its laws."); *Granite Equip. Leasing Corp. v. Hutton*, 84 Wash. 2d 320, 326, 525 P.2d 223 (1974) ("Washington has a vital interest in regulating the actions of corporations which do business within its territorial boundaries."). And, while Mexico clearly has an interest in regulating businesses operating within its territory, *see Loya*, 583 F.3d at 665, and the Resort is a Mexican corporation, the Resort is not a defendant in this case. Washington's interest is more significant because Clanton is a Washington resident and Wyndham has offices, agents, and

---

[3] Caraza Decl., Dkt # 16 at ¶ 26 ("Mexican courts require that [] all documents filed in a different language, such as the English language, be accompanied with a corresponding translation into the Spanish language.").

execute timeshare agreements in Washington. Mexico has little interest in this case between U.S. citizens.

The familiarity with the governing law factor is neutral because Clanton's claims involve both Washington and Mexican law. Clanton brings tort claims under Washington's common law, with which this Court is clearly familiar. Although Clanton also brings claims under Mexican common law, Wyndham has not shown that this Court is incapable of applying that law. The court-related factors, including burden on local courts and juries and congestion in the court, do not weigh strongly in favor of either side. But the cost of resolving a dispute unrelated to this forum weighs against dismissal. Because most of the parties, witnesses, and relevant evidence are located here or can be electronically transferred, the costs to this Court and the parties will likely be less if the action is litigated here. The private and public factors favor Clanton's chosen forum.

### III. CONCLUSION

Clanton's choice of forum is entitled to deference, and Wyndham has not sufficiently demonstrated that Mexico is an adequate alternative forum or that the private and public interest factors strongly favor dismissal. Defendants' Motion to Dismiss to dismiss for *forum non conveniens* is DENIED.

IT IS SO ORDERED.

Dated this 13th day of December, 2019.

Ronald B. Leighton
United States District Judge